UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY WENDEL WILSON,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | Case No.: 1:14-cv-00598-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE STATE JUDICIAL REMEDIES<br><br>(ECF Nos. 1, 7, 9) |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    Petitioner filed the instant federal petition for writ of habeas corpus in the Sacramento Division of this Court on January 8, 2014.  The petition was transferred to the Fresno District on April 24, 2014.  Petitioner challenges a 2008 conviction sustained in Fresno County Superior Court for second degree robbery.

    On August 6, 2014, the undersigned directed Petitioner to show cause why the petition should not be dismissed for failure to exhaust the state judicial remedies.  (ECF No. 7.)  Petitioner filed a response on September 2, 2014.  (ECF No. 9.)

///

1    A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
2 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
3 exhaustion doctrine is based on comity to the state court and gives the state court the initial
4 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S.
5 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203
6 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

7    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
8 full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.
9 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
10 1996). A federal court will find that the highest state court was given a full and fair opportunity to
11 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
12 basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
13 Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
14 must have specifically told the state court that he was raising a federal constitutional claim. Duncan,
15 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For
16 example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say
17 so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general
18 appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to
19 a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement
20 not satisfied circumstance that the "due process ramifications" of an argument might be "self-
21 evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in
22 habeas corpus must include reference to a specific federal constitutional guarantee, as well as a
23 statement of the facts which entitle the petitioner to relief.").

24    In his response to the order to show cause, Petitioner states that he "couldn't grieve California
25 Department of Corrections because 'the grievance process is for the Fresno County Sheriff's office
26 only.'" (ECF No. 9, Resp. at 9.) Petitioner is mistaken as to proper exhaustion requirement under 28
27 U.S.C. § 2254. As stated above and in the Court's August 6, 2014, order to show cause, a petitioner
28 filing a § 2254 petition must exhaust the state judicial remedies, not administrative remedies, as to all

claims presented to the federal court.  It is clear that Petitioner has not done so and his petition must be dismissed, without prejudice, for failure to exhaust the state judicial remedies.

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED, without prejudice;
2. The Clerk of Court is directed to terminate this action; and

The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473 (2000).  To obtain a certificate of appealability, the petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Id. at 484.  The Court finds that Plaintiff has failed to make an adequate showing.  The Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, without prejudice, for failure to exhaust the state judicial remedies.

IT IS SO ORDERED.

Dated:   **September 3, 2014**

UNITED STATES MAGISTRATE JUDGE

3